UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY MALDONADO,

        Plaintiff,

v.                                                                        Case No. 17-C-96

LORI DOEHLING,

        Defendant.

---

## DECISION AND ORDER

---

Plaintiff Anthony Maldonado, who is currently serving a state prison sentence at Redgranite Correctional Institution (RCI), filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Lori Doehling, the Health Services Manager at RCI, was deliberately indifferent to his medical needs. At the initial screening stage, the court concluded that Maldonado had stated a claim for injunctive relief against Doehling in her official capacity, but dismissed any claims for damages against her in her individual capacity for failure to state a claim. Presently before the court is Doehling's motion for summary judgment. Maldonado has not responded to the motion for summary judgment, and the time to do so has passed. For the following reasons, Doehling's motion for summary judgment will be granted and the case will be dismissed.

## BACKGROUND

Because Maldonado did not respond to the motion for summary judgment, Doehling's proposed findings of fact (ECF No. 27) are deemed admitted for the purposes of summary judgment. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); Civil L.R. 56(b)(4) ("The

Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment."). At all times relevant to this matter, Maldonado was incarcerated at Redgranite Correctional Institution. Defendant Lori Doehling was employed by the Wisconsin Department of Corrections as the Health Services Manager within the Health Services Unit at Redgranite from July 2009 until June 10, 2017.

During his incarceration at Redgranite, Maldonado suffered from chronic low back pain. Maldonado alleges that Doehling was deliberately indifferent to his back pain since 2010. In his complaint, he alleges that he consistently complained to Health Services Unit personnel about severe back pain but that his complaints did not result in surgery. The Health Services Unit managed Maldonado's low back pain through conservative treatment from 2010 through 2017 in accordance with the instructions of his off-site medical providers from Waupun Memorial Hospital and the University of Wisconsin Hospital and Clinics. His treatment included Ibuprofen, Acetaminophen, Meloxicam, Naproxen, Gabapentin, Duloxetine, and Cyclobenzaprine; lidocaine cream and other muscle rubs; multiple rounds of physical therapy; an epidural steroid injection; TENS unit; and medical restrictions and special needs items including a low bunk, a cane, and ice. On January 14, 2016, Maldonado was evaluated by the Department of Neurological Surgery at the University of Wisconsin Hospital and Clinics. Dr. Kyle Swanson concluded Maldonado was not a surgical candiate and recommended that he continue trying non-steroidal anti-inflammatory drugs, physical therapy, massage therapy, heat packs, cold packs, and a TENS unit. Maldonado was subsequently provided with these treatments by the Health Services Unit staff.

On January 27, 2017, Maldonado was seen at Waupun Memorial Hospital Pain Clinic by Dr. John Choi. Dr. Choi gave Maldonado an epidural steroid injection. On April 21, 2017, Dr.

Choi saw Maldonado at a follow-up appointment. Maldonado reported the steroid injection provided no benefit for his pain, and Dr. Choi recommended a neurology consultation. Dr. Darnell Josiah at UW Neurology saw Maldonado on June 9, 2017. He recommended low back x-rays and noted that, depending on the results, Maldonado may be a candidate for L4-5 fusion with decompression. He advised that, in the meantime, Maldonado should continue conservative measures, including an injection, and strongly recommended that he lose weight. The x-rays revealed some instability in Maldonado's spine. On August 11, 2017, Maldonado was seen by Dr. Wendell Lake at UW Neurosurgery. Dr. Lake opined that Maldonado would benefit from an L4-5 fusion given his worsening symptoms and lack of relief with conservative measures. On October 11, 2017, Maldonado met with Dr. Josiah at UW Neurosurgery to discuss surgical options. Dr. Josiah recommended that Maldonado undergo a bilateral L4-5 decompressive laminectomy with bilateral transforaminal interbody fusion and posterior lateral instrumented fusion. He underwent the surgery at UW Hospital on November 15, 2017. Dr. Gregory Trost at UW Health saw Maldonado on January 11, 2018, for a post-operative follow-up. Dr. Trost noted Maldonado was doing excellent and his symptoms had completely resolved. In all, Maldonado was seen off-site for specialty care or evaluations and diagnostic testing more than 20 times between 2009 and 2018.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the burden of showing that there are no facts to support the nonmoving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925,

3

928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "Material" means that the factual dispute must be outcome-determinative under the law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). A "genuine" issue must have specific and sufficient evidence that, were a jury to believe it, would support a verdict in the nonmoving party's favor. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The moving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotation marks omitted).

## ANALYSIS

Maldonado alleges that Doehling was deliberately indifferent to his back pain and requests an injunction requiring Doehling to provide him with the medical treatment he seeks, specifically, treatment from an off-site specialist and back surgery. The court allowed Maldonado to proceed on his claim for injunctive relief against Doehling in her official capacity as the Health Services Manager at RCI. Doehling asserts that Maldonado's official-capacity claim is moot because he was seen off-site for specialty care or evaluations and diagnostic testing more than 20 times between 2009 and 2018 and has received back surgery, his preferred medical care.

"It is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *United States v.*

4

*Juvenile Male*, 564 U.S. 932, 936 (2011) (per curiam) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). Cases that do not involve "'actual, ongoing controversies' are moot and must be dismissed for lack of jurisdiction." *Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003) (citations omitted). Although a state official may be sued in her official capacity for prospective injunctive relief, that claim becomes moot when the prisoner has received the relief he requested. In this case, the only injunctive relief Maldonado seeks is back surgery and to be seen by an off-site medical provider. Since filing his lawsuit, Maldonado had numerous appointments with off-site specialists and he received the back surgery he sought on November 15, 2017. Because Maldonado has received the only relief that was available based on his complaint, the case is now moot. Accordingly, summary judgment in favor of Doehling is appropriate.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (ECF No. 25) is **GRANTED** and the case is dismissed as moot. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this   24th   day of January, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court